MEMORANDUM **
A jury found Defendant Marilyn Manibusan guilty of numerous fraud-related offenses. We affirm her convictions and, in an order filed this date, defer submission of the sentencing issues.
1. In Sabri v. United States, 541 U.S. 600, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004), the Supreme Court held that 18 U.S.C. § 666 does not require proof of a federal connection between the acts alleged and federal funds, beyond the statutory requirement that the affected agency receive more than $10,000 in federal funds per year. Here, the Guam Housing Corporation (GHC) received more than the statutory minimum in federal funds. Defendant gave, offered, or agreed to give something of value to GHC’s president with the intent to influence or reward him in connection with the transaction in question. That being so, Defendant’s argument that the government failed to prove a federal nexus must fail.
2. The wire fraud statute, 18 U.S.C. § 1343, is not unconstitutionally vague in the way Defendant claims. Title 18 U.S.C. § 1346 defines the term “scheme or artifice to defraud” in § 1343 to mean “a scheme or artifice to deprive another of the intangible right of honest services.” Contrary to Defendant’s argument, the phrase “honest services” gives persons of ordinary intelligence adequate notice of the conduct proscribed. See United States v. Frega, 179 F.3d 793, 803 (9th Cir.1999) (holding that the term “honest services” in § 1346, as applied to § 1341, the mail fraud statute, is not unconstitutionally vague). A person of ordinary intelligence would know that a commission chair’s extortion of money from those who have pending applications before the commission constitutes a criminal offense.
3. The district court’s jury instructions were not plainly erroneous. The court instructed the jury as to the intent requirement of 18 U.S.C. § 1343. It also instructed the jury under 18 U.S.C. § 1957 (reading the statute largely verbatim) that the government had to prove beyond a reasonable doubt that Defendant had engaged in a monetary transaction that affected interstate commerce.
4. The evidence is sufficient to support each of Defendant’s convictions.
On this record a reasonable finder of fact could conclude that Defendant *533 abused her position as chair of the Territorial Land Use Commission by extorting money from developers who had applications pending before the Commission. For example, she used her position to manipulate SMC Joint Venture (SMC) into hiring her as a consultant and paying her “commissions” in return for a favorable ruling on its application. She convinced Sabían to have GHC issue a check for SMC’s $50,000 deposit to Joo so that Sabían, Joo, and Defendant could split the money, while she ended up keeping two-thirds of the money.
The evidence also allowed a reasonable finder of fact to conclude that Defendant presented false information on a loan application and a bankruptcy petition. When she applied for a consumer loan she listed $246,000 in accounts receivable from SMC for 1997, plus an income from SMC of $49,200. Those numbers were inflated because SMC did not owe her money. In a statement accompanying her bankruptcy petition, Defendant failed to list her Smart Credit account as personal property and failed to disclose all her income for 1998 and 1999.
Finally, there was evidence to allow a reasonable jury to find that Defendant affected foreign commerce by acquiring and depositing into her personal bank account part of SMC’s $50,000. For instance, SMC was a partnership formed by a Korea-based company, and its Korean representative traveled to Guam to request a refund in person.
CONVICTIONS AFFIRMED.[1]

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. By a separate order filed this date, we defer submission of the sentencing issues that Defendant has timely raised.